**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YUHUA ZHU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-71118

Agency No. A087-722-401

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2021[**]
Pasadena, California

Before:  BYBEE and BENNETT, Circuit Judges, and BATAILLON,[***] District
Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

Yuhua Zhu is a citizen of the People's Republic of China. After Zhu overstayed his visa, an Immigration Judge (IJ) denied his application for asylum, withholding, and protection under CAT, and the Board of Immigration Appeals (BIA) affirmed. Now, Zhu timely petitions on three grounds.[1] First, Zhu argues that his testimony was plausible and consistent because the IJ failed to consider Zhu's explanation for an alleged inconsistency. Second, he asserts that his demeanor did not demonstrate that he lacked credibility. Finally, Zhu contends that, as he was otherwise credible, the IJ failed to apply the notice and explanation requirements of *Ren v. Holder*, 648 F.3d 1079, 1090–93 (9th Cir. 2011), when determining that he had failed to corroborate his claims. We have appellate jurisdiction under 8 U.S.C. § 1252(a)(1). We deny his petition.

Where the BIA affirms the IJ while citing its decision in *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and adding its own analysis, we review the factual findings of the IJ and BIA for substantial evidence. *See Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). Under this standard, we must uphold the findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1

---

[1] Zhu does not appeal the denial of his CAT claims here.

(1992). When applying this standard of review, we may not re-weigh the evidence, *Gu v. Gonzales*, 454 F.3d 1014, 1018–19 (9th Cir. 2006), and may only reverse if no reasonable fact-finder could have reached the agency's conclusion, *Elias-Zacarias*, 502 U.S. at 481. "[O]nly the most extraordinary circumstances will justify overturning [the agency's] adverse credibility determination," as long as the IJ has provided specific and cogent reasons for finding the applicant not credible. *Shrestha v. Holder*, 590 F.3d 1034, 1041, 1044 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

The IJ supported the adverse credibility determination with substantial evidence. First, the IJ identified five inconsistencies between Zhu's testimony, his written declaration, and his accompanying documentation. Zhu challenges only one of these inconsistencies, waiving the other four. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (failure to raise grounds for relief constitutes waiver). Zhu contends that the IJ and BIA erred because he presented a "plausible" explanation for the apparent inconsistency between his descriptions of his initial attitude towards Christianity. An IJ, however, is not required to interpret evidence as the respondent advocates. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007). Rather, the IJ must only "consider the petitioner's explanation for any inconsistency" while excluding any "utterly trivial inconsistency that . . . [has] no

3

bearing on a petitioner's veracity." *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014) (brackets in original) (internal quotations omitted). The IJ was best positioned to consider the testimony in its context. And, the IJ provided support from the record for his conclusion. Moreover, all five of the inconsistencies directly pertain to the veracity of Zhu's religious practice or the circumstances that he claims prompted his conversion. Thus, they constitute reasonable grounds upon which to base an adverse credibility determination in a case alleging religious persecution.

Furthermore, the IJ noted two demeanor findings that contributed to the adverse credibility determination. An IJ's demeanor findings are afforded substantial deference because the IJ has the opportunity to observe the applicant. *See Shrestha*, 590 F.3d at 1041. The activities upon which an IJ can base a demeanor finding include: "All aspects of the witness's demeanor[,] including the expression of his countenance, how he sits or stands, whether he is inordinately nervous, his coloration during critical examination, the modulation or pace of his speech and other non-verbal communication." *Ling Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) (quoting *Shrestha*, 590 F.3d at 1042). Yet, an IJ must provide "specific examples of a petitioner's demeanor that would support" an

adverse credibility finding. *Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010) (citing *Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003)).

The IJ found that (1) Zhu shifted in his chair when asked difficult or important questions and (2) Zhu provided vague or unresponsive testimony on several occasions. The IJ noted that the shifting occurred precisely when Zhu was asked difficult questions that cut to the heart of his story, and was often accompanied with vague or unresponsive answers that required further questioning. Likewise, the IJ identified numerous occasions on which Zhu responded vaguely or incompletely, or answered a request for further explanation with verbatim repetition.

Taken together, then, the IJ's findings regarding Zhu's contradictory statements and demeanor provide ample support within the record to sustain the adverse credibility determination under the substantial evidence standard. *See Ai Jun Zhi*, 751 F.3d at 1091 ("[The IJ] must present a reasoned analysis of the evidence as a whole." (quoting *Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010))). Since the IJ's adverse credibility determination was supported by substantial evidence, the notice and explanation requirements of *Ren* do not apply. *Ren*, 648 F.3d at 1093. Accordingly, the IJ's findings that Zhu failed to provide corroborative evidence to substantiate his claims add further support to the adverse

5

credibility determination.  As Zhu lacked credibility, the IJ and BIA did not err in determining that Zhu failed to meet his burden of proof.

**PETITION DENIED.**